UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROY DUNBAR,

              Plaintiff,

                                      Case No. 26-cv-918-bhl

    v.

JACK L DAVILA, JESSICA BALLENGER and
ANNA HODGES,

              Defendants.

## SCREENING ORDER

On May 22, 2026, Plaintiff Roy Dunbar, proceeding without an attorney, filed a complaint and motion to proceed without prepayment of the filing fee, or *in forma pauperis*. (ECF Nos. 1 & 2.) The matter is now before the Court for consideration of Dunbar's IFP motion and the screening of his complaint.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *Cf.* 28 U.S.C. §1915(a)(1). Dunbar submitted a signed affidavit identifying his asserts and financial obligations. (ECF No. 2.) He is unemployed, unmarried, and has no dependents. (*Id.* at 1.) He reports no monthly income. (*Id.* at 2.) He identifies credit card payments of $7,500, and no other monthly expenses. (*Id.* at 2–3.) He does not own a car or any property of value. (*Id.* at 3–4.) He has no cash, checking, or savings. (*Id.* at 3.) Based on these representations, the Court will grant Dunbar leave to proceed IFP. Dunbar is reminded, however, that he remains obligated to pay the filing fee, *see Wheeler v. Talbot*, 695 Fed. Appx. 151, 155 (7th Cir. 2017) (noting plaintiff was "allowed to litigate . . . without prepayment of filing fees, but those fees are nonetheless due"); 28 U.S.C. §1915(a)(1), and if it turns out that his representations were false, he may be subject to sanctions and prosecution for perjury.

## LEGAL STANDARD

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

Roy Dunbar appears to be a resident of Milwaukee, Wisconsin. (ECF No. 1 at 5.) He identifies himself as the living beneficiary of the Roy Gene Dunbar Estate. (*Id.* at 7.) Defendant Jack Davila is a Milwaukee County Circuit Court Judge. (*Id.*) Defendant Anna Hodges is a Milwaukee County Circuit Court Clerk. (*Id.* at 8.) Defendant Jessica Ballenger is a prosecutor for Milwaukee County. (*Id*. at 7–8)

The rest of Dunbar's allegations are not clear from his complaint. Dunbar was prosecuted in Milwaukee County Circuit Court. (*Id.* at 6–8.) During Dunbar's criminal prosecution, he was required to submit to GPS monitoring. (*Id.* at 8.) On May 16, 2025, a trial verdict was imposed "with GPS still attached." (*Id.*) He was convicted of possession of a firearm by a felon and battery after a jury trial. *Wisconsin v. Dunbar*, Milwaukee Cnty. Case No. 2024CF000790, https://wcca.wicourts.gov/ (last accessed July 14, 2026).

Dunbar complains that Defendants "acted in concert to ignore [his] trust/equity filings, maintain jurisdiction over a private civilian," continue monitoring him by GPS, and punish him, while treating the people who accused him of a crime more favorably. (ECF No. 1 at 8.) He asserts Judge Davila should have recused himself from hearing the case, because Dunbar had sued him in federal court in relation to the criminal case. (*Id.* at 6.)

## ANALYSIS

Dunbar attempts to raise four claims under 42 U.S.C. §1983 challenging his criminal prosecution in Milwaukee County Circuit Court. (ECF No. 1 at 6–7.) He seeks billions in damages for being forced to wear a GPS ankle monitor. (*Id.* at 8–9.) While he also states that he is seeking a "[p]ermanent injunction against further contact by Defendant," he alleges no ongoing conduct by any Defendants, nor any prospective conduct. (*Id.* at 9.) His allegations only concern his completed criminal prosecution. Because he sues defendants who are immune from suit, his complaint will be dismissed with prejudice.

To state claims under Section 1983, Dunbar must identify a person or persons acting under color of law who violated his federal rights. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1519–20 (7th Cir. 1990). But there is a "fundamental principle" that judges are absolutely immune from suit for damages for their judicial conduct. *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). This rule protects the judicial process by ensuring that judges make decisions based on the merits, not based on fear of potential lawsuits. *Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012). Similarly, clerks employed by courts are entitled to quasi-judicial immunity, so long as they act pursuant to judicial direction. *See Snyder v. Nolan*, 380 F.3d 279, 285–89 (7th Cir. 2004) (discussing when clerks enjoy quasi-judicial immunity). Prosecutors enjoy absolute immunity from suit for all actions and decisions undertaken in furtherance of their prosecutorial duties. *See Fields v. Wharrie*, 672 F.3d 505, 510–14 (7th Cir. 2012) (citing *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)).

Dunbar attempts to sue a state court Judge, that Judge's clerk, and a state court prosecutor. The only conduct he identifies is entirely related to Defendants' conduct in their respective roles as a judge, clerk, and prosecutor: Judge Davila ruling on motions, imposing bail conditions, and overseeing the case, Hodges processing the various filings in the case and facilitating Judge Davila's rulings, and Ballenger prosecuting the case and opposing his motions. His claims are barred because these individuals are simply immune from suit for the conduct he alleges.

The Seventh Circuit has instructed that a *pro se* plaintiff be afforded one opportunity to amend his complaint, unless amendment would be futile. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Because Dunbar is trying to sue individuals who are immune from liability as a matter of law, any attempt to amend would be futile. The Court will therefore dismiss Dunbar's complaint with prejudice and without leave to amend.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED with prejudice**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, on July 14, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge